001082-20483 1418297

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF SHELF WORK BOATS, L.L.C., AS OWNER AND OPERATOR OF THE M/V SHELF ACHIEVER, FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO:** 2:19-cv-12290<br><br>**SECTION " "**<br><br>**DISTRICT JUDGE**<br><br>**MAGISTRATE JUDGE** |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, comes Shelf Work Boats, L.L.C. (hereinafter "Petitioner") as owner and operator of a vessel known as the M/V SHELF ACHIEVER, in a cause for exoneration from and/or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, who avers upon information and belief as follows:

1.

At all times pertinent hereto, Petitioner is and was the owner and operator of the M/V SHELF ACHIEVER, its equipment, tackle, apparel, fixtures, and furniture.

2.

Petitioner is a Louisiana limited liability company organized under and existing by virtue of the laws of the State of Louisiana and domiciled in Galliano, Louisiana.

3.

The M/V SHELF ACHIEVER, Official No. 1050721, is a one hundred twenty-one (121) foot long passenger vessel with its hailing port in Galliano, Louisiana.

4.

On or about March 2, 2019, the M/V SHELF ACHIEVER was traversing at or near Vermillion Bay, Louisiana, when it encountered the M/V MS. CHRISTINE, also traversing at or near Vermillion Bay.

5.

Upon information and belief, the M/V MS. CHRISTINE, Official No.1026052, is a one hundred thirty-eight (138) foot long passenger vessel owned and/or operated by Tobias, Inc.

6.

While the M/V SHELF ACHIEVER was traversing at or near Vermillion Bay, the M/V MS. CHRISTINE collided with the M/V SHELF ACHIEVER (the "Incident"), causing damage to the M/V SHELF ACHIEVER and causing alleged personal injuries to Joey Speer, a crewmember of the M/V SHELF ACHIEVER.

7.

The Incident resulted due to no fault on the part of the Petitioner or the M/V SHELF ACHIEVER. The M/V SHELF ACHIEVER was, at all material times, a seaworthy vessel and well and sufficient equipped and supplied.

8.

Petitioner used due diligence, to the extent it was legally obligated to do so, to make the aforementioned vessel seaworthy, and it was prior to the Incident herein, tight, staunch, strong, fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

9.

The aforementioned Incident and alleged injuries or damages resulting from the aforesaid Incident were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioner, its owners or officers, or the M/V SHELF ACHIEVER, but was caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of Petitioner.

10.

Petitioner denies that it or the M/V SHELF ACHIEVER is liable to any extent in the premises for any damages, losses and/or injuries, and in that regard, therefore, Petitioner is entitled to exoneration from liability for all claims, damages, losses and injuries which may have been done, occasioned or incurred by any reasons of the matters aforesaid.

11.

In the alternative and without admitting liability, Petitioner avers that in the event it or the M/V SHELF ACHIEVER should be held responsible to any person or parties by reasons of the matters aforesaid, Petitioner and the M/V SHELF ACHIEVER are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

12.

All of the alleged losses, damages, injuries, and destruction resulting from the aforesaid Incident were done, occasioned and incurred without fault on the part of Petitioner and without Petitioner's privity or knowledge.

13.

This Complaint is filed within six (6) months of Petitioner's receipt of first written notice that the claim had the reasonable possibility of exceeding the value of the M/V SHELF ACHIEVER and is therefore timely.

14.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

15.

On August 23, 2019, suit was brought against Petitioner within the United States District Court for the Eastern District of Louisiana by Tobias, Inc., in a matter entitled "*Tobias, Inc. v. Shelf Work Boats, LLC and the M/V SHELF ACHIEVER*", Civ. No. 2:19-cv-12284, in which Tobias, Inc. seeks damages against Petitioner arising out of the subject incident on March 2, 2019.

16.

This is an admiralty and maritime action within the meaning of Rule 9(h). Jurisdiction is based on 28 U.S.C. §1333.

17.

Petitioner offers and files contemporaneously herewith an Affidavit of Value, attached hereto as Exhibit "A," setting forth the post-incident value of the M/V SHELF ACHIEVER in the amount of $857,000.00.

18.

Petitioner offers and files contemporaneously herewith an Ad Interim Stipulation and Letter of Undertaking ("Stipulation"), attached hereto as Exhibit "B," for the payment into this

Honorable Court of the aggregate amount of Petitioner's interest in the M/V SHELF ACHIEVER at the termination of her voyage as aforesaid, plus freight pending in the amount of $2,300.00, with interest at the rate of six (6) percent per annum from the date of the Stipulation, and for all costs; and in addition thereto, Petitioner is prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained and determined to be necessary under any order(s) of this Honorable Court.

19.

The parties known to have potential claims at this time are:

1. Joey Speer
   Through his Attorney
   Mr. W. Corey Grimley
   The Glenn Armentor Law Corporation
   300 Stewart St.
   Lafayette, LA 70501

2. Tobias, Inc.
   Owner and/or Operator of the M/V MS. CHRISTINE
   Through its Attorney
   Mr. Larry Plunkett
   Reich, Album & Plunkett
   3850 N. Causeway Blvd. Suite 1000
   Metairie, LA 70002

**WHEREFORE**, Petitioners pray:

(1) That this Court accept Petitioner's Ad Interim Stipulation as security for the M/V SHELF ACHIEVER in the amount EIGHT HUNDRED FIFTY-NINE THOUSAND THREE-HUNDRED AND NO/100 DOLLARS ($859,300.00) and cause the attached Order Approving Petitioner's Ad Interim Stipulation to be issued;

(2) That this Court make an order directing the issuance of a monition and notice to all persons claiming damages for any and all loss of life, personal injury, destruction,

property damage or loss occasioned or incurred by or resulting from the aforesaid casualty or other occurrences, as hereinabove described, or during the voyage on which the M/V SHELF ACHIEVER was then engaged, citing them and each of them to file their respective claims with the Clerk of this Honorable Court, and to serve copies of said claims upon the attorney for the Petitioner on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Complaint according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition.

(3) That this Court issue an injunction restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the incident or other occurrences, as hereinabove described, or during the voyage on which the M/V SHELF ACHIEVER was then engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioner or its agents or representatives or any other person whatsoever for whom Petitioner may be responsible or the M/V SHELF ACHIEVER in respect of any claim or claims arising out of the aforesaid voyage of the M/V SHELF ACHIEVER on or about March 2, 2019, along with the aforesaid occurrence(s).

(4) That this Court, assuming that a claim is filed against Petitioner as well as the M/V SHELF ACHIEVER in this proceeding, adjudge:

a) That Petitioner is not liable to any extent for any loss of life, injury, destruction, property damage or loss, nor for any claim whatsoever in any way arising out of or consequent upon the aforesaid occurrence(s);

b) Alternatively, if Petitioner shall be adjudged liable, that such liability be limited to the amount or value of Petitioner's interest in the M/V SHELF ACHIEVER immediately after the voyage on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(5) That Petitioner has such other and further relief as the justice of the cause may require.

Respectfully submitted,

***/s/ Gavin H. Guillot***

Gavin H. Guillot, T.A. (#31760)
Aaron B. Greenbaum (#31752)
Elizabeth McIntosh (#36575)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
**ATTORNEYS FOR PETITIONER-IN-LIMITATION, SHELF WORK BOATS, L.L.C.**